Porter, J.
The only question which this case presents, is whether the attorney for absent heirs, appointed by the court of probates, is authorised to defend their interests before another tribunal.
The act relative to that court, passed on the 22d of February, 1817. sect. 5, directs, that in all vacant estates, it shall be the duty of every judge of probates, to appoint a person, learned in the law, to defend the interest of the absent heirs.
This is not a vacant estate, but if it was, I am of opinion that the attorney thus appointed, can act only in the court for which he is appointed. The statute treats of that court alone, as its title imports, and there is nothing contained in it, from which I can learn that it was in contemplation of the legislature to extend their authority to any other.
*17 By the Partida, 3, 2, 12, it is provided; that when a suit is to be commenced against a person who is absent, the plaintiff may petition the judge to appoint a curator, and it shall be the duty of the judge to do so. This shews clearly, that when an action of this kind is brought, there must be a person specially nominated to defend the rights and interest of the absentee.
A suit against such curator, says the law just cited, forms the res judicata between the parties, provided the other formalities of the law are pursued—a suit against any other, I do not think has that effect.
I am therefore of opinion, that the judgment of the parish court be annulled, avoided and reversed, and that this cause be remanded for a new trial; and that the plaintiffs and appellees pay the costs of this appeal.
Martin, J.
I think so.
Mathews, J.
So do I.
It is therefore ordered, adjudged and decreed, that the judgment of the parish court be annulled, avoided and reversed, and that the costs of this appeal be borne by the plaintiffs and appellees.